# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

    -vs-                                          **Case No. 16-C-409**

**DAVID W. HARRIS,**

    Defendant.

## DECISION AND ORDER

    This is David Harris' latest attempt to persuade the Court to adjudicate a second or successive motion for relief under 28 U.S.C. § 2255. Just last month, the Court dismissed such a motion for lack of jurisdiction. Now, Harris argues that the Court can adjudicate his motion without prior authorization from the Seventh Circuit Court of Appeals because he is asserting a claim of actual innocence.

    Relatedly, after being transferred to a federal prison in Georgia, Harris filed a 28 U.S.C. § 2241 petition that was dismissed for lack of subject matter jurisdiction. On appeal, the Eleventh Circuit held that Harris could not proceed under § 2241 because his claim of innocence "falls squarely within § 2255's ambit. Regardless of whether the Seventh Circuit will actually certify a successive § 2255 motion based upon the above facts

and legal theories, § 2255 is adequate to test the legality of Harris' sentence." *Harris v. Warden*, 801 F.3d 1321, 1324 (11th Cir. 2015). So it is here, and there is no exception to the prior authorization requirement for claims within § 2255's "ambit." § 2255(h). The Court lacks jurisdiction to adjudicate Harris' claims, at least until Harris receives prior authorization from the court of appeals. Harris would do well to accept that reality and stop inundating this Court with frivolous pleadings.

This action is **DISMISSED** for lack of subject matter jurisdiction. The Court will not issue a certificate of appealability. Rule 11, Rules Governing Section 2255 Proceedings. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2016.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**